FILED IN MY OFFICE
DISTRICT COURT CLERK
5/18/2016 5:13:28 PM
James A. Noel
Chris Peck

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO


LORRAINE GONZALES,

        Plaintiff,

vs.                              No. _____ D-202-CV-2016-03164 _____

STATE OF NEW MEXICO, NEW MEXICO
CHILDREN YOUTH & FAMILIES DEPARTMENT,
NEW MEXICO DEPARTMENT OF HEALTH, AGING
AND LONG TERM SERVICES DEPARTMENT,
ARMANDA GARCIA, MARTIN
GARCIA AND MARIA LILIA HERRERA,

        Defendants.

## COMPLAINT FOR NEGLIGENCE, NEGLIGENCE PER SE, LOSS OF CONSORTIUM, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INTERFERENCE WITH PARENTAL RIGHTS AND WRONGFUL DEATH

COMES NOW, the Plaintiff Lorraine Gonzales, by and through her attorneys of record, COLLINS & COLLINS, P.C., (Augustine M. Rodriguez and Alysan Boothe Collins) and for her cause of action, states as follows:

1.     Plaintiff Lorraine Gonzales is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2.     Plaintiff's daughters, Valentina Candelaria, is currently, and Decedent Estrella Candelaria was, a ward of the State of New Mexico, New Mexico Children, Youth and Families Department (Hereinafter "CYFD") and the New Mexico Department of Health, Aging and Long Term Services Department (Hereinafter "DOH") and their long term specialized foster care was administered through Association for Retarded Citizens of Albuquerque (Hereinafter "ARCA").



**EXHIBIT**

**A**

3. Estrella Candelaria died on June 22, 2014, and Valentina Candelaria continues to be a resident under the care of ARCA.

4. ARCA is a New Mexico not-for-profit organization, registered in New Mexico and is contracted and licensed by the State of New Mexico to provide long-term care and services to the developmentally disabled, which at all times material to this Complaint, worked in conjunction with the New Mexico Children, Youth and Families Department and the New Mexico Department of Health, Aging and Long Term Services Department, at least in part.

5. Upon information and belief, Defendant New Mexico Children, Youth and Families Deparment is a New Mexico organization entrusted to provide long-term care and assistance to the developmentally disabled, and works with and places developmentally disabled persons with ARCA.

6. Upon information and belief, Defendant New Mexico Department of Health, Aging and Long Term Services Deparment is a New Mexico organization entrusted to provide long-term care and assistance to the developmentally disabled, and works with and places developmentally disabled persons with ARCA.

7. Upon information and belief, when Valentina Candelaria turned 18 years of age, the State of New Mexico Children, Youth and Families Department chose Armanda Garcia, as the specialized foster care provider.

8. Upon information and belief, when Estrella Candelaria turned 18 years of age, the State of New Mexico Children, Youth and Families Department chose Armanda Garcia, as the specialized foster care provider.

2

9. Upon information and belief, Armanda Garcia through 2014, provided yearly assessments to Defendant State of New Mexico, Defendant New Mexico Children, Youth and Families Department and Defendant New Mexico Department of Health, Aging and Long Term Services Department of the health and well-being of Estrella Candelaria.

10. Upon information and belief, in 2005 Armanda Garcia moved to Mesa, Arizona and signed a Power of Attorney granting her brother Martin Garcia the powers granted to her by the court.

11. Upon information and belief, these Defendants were responsible for the long-term care and well-being of Estrella Candelaria and Valentina Candelaria.

12. Upon information and belief, Estrella Candelaria was a resident in ARCA managed home care prior to her death.

13. Upon information and belief, Valentina Candelaria is still a resident in an ARCA managed home care.

## STATEMENT OF FACTS

14. Lorraine C. Gonzales and Perry Candelaria are the parents of Valentina Candelaria and Estrella Candelaria, of which both daughters suffered from diminished capacity and microencephaly.

15. In the mid 1990's, Lorraine and Perry Candelaria were involved in divorce proceedings, and since there were issues of spousal abuse, Lorraine decided to leave the children with Perry Candelaria until she found a suitable home for her and her children.

16. The State of New Mexico Children, Youth and Families Department opened a neglect case on November 24, 1997 investigating Perry Candelaria and the living conditions of the children.

17. On March 12, 1998, the Children, Youth and Families Department filed a petition in the Thirteenth Judicial District Court under case number JQ-98-00003, in Sandoval County to remove both Valentina Candelaria and Estrella Candelaria from Perry Candelaria's home.

18. Pursuant to court order, CYFD placed the children under ARCA care and appointed specialized foster care guardians, Morris and Rose Garcia. Lorraine Gonzales continued to regularly visit her daughters, even after having moved to California.

19. On February 12, 2001 a separate case was filed in the Second Judicial District Court under case number PQ-2001-00029 in order to set up an adult guardianship of Valentina since she turned 18 years of age, and the guardianship was transferred from Morris and Rose Garcia to Armanda Garcia.

20. Lorraine Gonzales never received notice of the new filing nor of the March 7, 2001 hearing to appoint Armanda Garcia.

21. Lorraine did continue to visit with her daughters through the end of 2004, until she was denied access to her daughters because she was told by ARCA personnel and Armanda and Martin Garcia that her parental rights had been terminated, despite a court order of February 9, 2003 stipulating that Lorraine had visitation rights.

22. In 2005, Armanda Garcia moved to Mesa Arizona, and gave a power of attorney to Martin Garcia but continued to act as guardian, filing yearly guardian reports through 2014.

4

23. Throughout the years between 2005 and 2014, Lorraine would have chance encounters with her daughters, but those meetings would be limited and cut short by the guardian.

24. It was not until June 2014, when ARCA was arranging the funeral for Estrella that ARCA was forced by the funeral home director to contact Lorraine Gonzales and get consent for the cremation of Estrella Candelaria.

25. It was at that time that Lorraine Gonzales was informed of her daughter's death.

26. Even after getting a court order allowing her to see Valentina Candelaria, ARCA personnel and Armanda Garcia and Martin Garcia actively denied Lorraine access to Valentina.

27. By virtue of Defendants' licensed and registered status in the State of New Mexico and their relationship with individuals in compromised physical and mental conditions such as decedent, Defendants had an elevated duty to take all reasonable and necessary means to prevent neglect or abuse of its group home residents.

**ALLEGATIONS**

**COUNT 1 – NEGLIGENCE**

28. Plaintiff re-alleges paragraphs 1 through 27 of this Complaint as if set forth fully herein.

29. As a direct and proximate cause of the negligent acts of the Defendants, Estrella Candelaria suffered physical injury to her person, mental and emotional distress injuries, pain and suffering and death.

30.    As a direct and proximate cause of the negligent acts of the Defendants, Lorraine Gonzales was kept from enjoying a familial relationship with her daughters Estrella Candelaria and Valentina Candelaria and vice versa.

31.    This civil action is brought to recover, on behalf of Plaintiffs.

## COUNT II – NEGLIGENCE PER SE

32.    Plaintiff re-alleges paragraphs 1 through 31 of this Complaint as if set forth fully herein.

33.    For the relevant time period, Defendants, acting through their employees, agents, apparent agents, and contractors, who were acting within the scope of their employment, agency, apparent agency and contract, were negligent in the care and services they provided to Estrella Candelaria and Valentina Candelaria while they were residents at ARCA's approved caregiver homes.

34.    Defendants State of New Mexico, New Mexico Children, Youth and Families Department and the New Mexico Department of Health, Aging and Long Term Services Department, Armanda Garcia and Martin Garcia's negligence included, but was not limited to:

    a.    Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to the assessment, treatment, management and oversight of wards;

    b.    Failing to provide adequate staff, and adequately trained staff, to monitor approved caregiver homes, to care for wards, with full knowledge that such inadequate staffing practices would place wards at risk for injuries;

6

c.     As state entities Defendants New Mexico Children, Youth and Families Department and the New Mexico Department of Health, Aging and Long Term Services Department are responsible for retaining, hiring, or contracting with home health care providers in order to provide care to wards, failing to properly investigate, select, monitor, and oversee those individuals or organizations with whom it contracted or employed, and failed to do so;

d.     Failing to maintain and provide a safe, sanitary and comfortable environment to protect the health and safety of Estrella Candelaria and Valentina Candelaria;

e.     Failing to provide adequate monitoring of medication, treatment, services and care such that accessibility to any medication should have been controlled;

f.     Failing to take the reasonable precautions that were necessary to prevent damage to the health and safety of Estrella Candelaria and Valentina Candelaria;

g.     Failing to provide care to Estrella Candelaria and Valentina Candelaria in such a manner and in such an environment so as to promote maintenance or enhancement of her quality of life and their family relationships, including but not limited to the mother daughter relationship with Lorraine Gonzales;

h.     Failing to provide timely health care to Estrella Candelaria;

i.     Failing to provide and implement meaningful care plans that would adequately care for Estrella Candelaria and Valentina Candelaria's needs;

7

j.    Failing to provide services and activities to attain or maintain the highest practicable physical, mental, and psychosocial well being of Estrella Candelaria and Valentina Candelaria in accordance with a Defendants commitment to care of its wards;

k.    Failing to properly monitor, evaluate and treat Estrella Candelaria's injuries;

l.    Failure to anticipate and provide in a timely manner the appropriate interventions needed to lessen the likelihood of injury; and

m.    Failure to alleviate the conditions and failure to take reasonable precautions that contributed to Estrella Candelaria's personal injuries, sexual assault, beating and overdose.

35.    These acts of Defendants State of New Mexico, New Mexico Children, Youth and Families Department and the New Mexico Department of Health, Aging and Long Term Services Department and their employees, agents, apparent agents, and contractors were willful, wanton and in reckless disregard for the safety and well-being of wards, such as Estrella Candelaria and Valentina Candelaria.

36.    All acts done by persons at Defendants' approved caregiver's homes, or by Defendants' agents, employees and representatives, were done within the scope of those persons' employment, contract, agency, or apparent agency with Defendants.

37.    All acts complained of here were authorized, participated in or ratified by Defendants, their administrators, managers, officers, or directors.

38.    As a proximate result of Defendants' negligence and willful, wanton, and reckless misconduct, Estrella Candelaria suffered multiple injuries, including personal

injury, sexual assault, beating, and ultimately death, and Estrella and Valentina Candelaria and Lorraine Gonzales suffered from the lack of family contact with each other.

39.    All of the injuries to Estrella and Valentina Candelaria and Lorraine Gonzales, while her daughters resided at ARCA approved caregiver homes, past, present and future were, are and will be due to the acts and omissions of Defendants, without any contributing negligence on the part of Estrella Candelaria, Valentina Candelaria or Lorraine Gonzales.

## COUNT III- NEGLIGENCE PER SE

40.    Plaintiff re-alleges paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41.    The conduct of Defendants, is governed by the Resident Abuse and Neglect Act, N.M.S.A. 1978 § 30-47-1 et seq. (1995). Section 30-47-3(A) defines "abuse" as "any act or failure to act performed intentionally, knowingly, or recklessly that causes or is likely to cause harm to a resident including: (4) Medically inappropriate conduct that causes or is likely to cause physical harm to a resident" and actively denying Lorraine Gonzales access to her daughters between 2004 and 2014. The substandard care and conditions that existed at Defendants' approved caregiver homes, while Lorraine Gonzales' daughters Estrella and Valentina Candelaria were residents, constitutes inappropriate conduct, which caused great harm and death to Estrella Candelaria, great harm to Valentina Candelaria and great harm to Lorraine Gonzales.

42.    Additionally, N.M.S.A. 1978, § 30-47-3 (E) *et seq.*, and in particular paragraphs (2) and (3) thereto, prohibit the following: failure to take any reasonable

precaution that is necessary to prevent the damage to the health or safety of the resident; or failure to carry out a duty to supervise properly or control the provision of any treatment, care, goods, service, or medication necessary to maintain the health or safety. Defendants and their employees, agents, apparent agents and contractors failed to take such reasonable precautions as were necessary to prevent damage to Estrella Candelaria's health and well-being, damage to Valentina Candelaria's health and well-being.

43.    Defendants and their employees, agents, apparent agents and contractors failed to operate and provide services that comply with valid and enforceable federal, state, and accepted professional standards and principals that apply to professionals providing services in such a facility.

44.    Specifically, Defendants and their employees, agents, apparent agents and contractors failed to comply with New Mexico Regulations governing long-term care facilities and ICF/MR facilities promulgated per N.M.S.A. 1978 § 24-1-6 and § 9-7-6.

45.    Specifically, Defendants and their employees, agents, apparent agents and contractors directly violated 7 N.M.A.C. §8.2.33 that requires the reporting of incidents in a timely manner.

46.    Specifically, Defendants and their employees, agents, apparent agents and contractors directly violated sections of the Resident Abuse and Neglect Act, including, but not limited to, N.M.S.A. § 27-7-14 *et seq.* and 30-47-1 *et seq.* N.M.S.A. 1978

47.    The above-identified valid and enforceable statutes and regulations were enacted for the benefit or protection of a class of the public which Estrella Candelaria and Valentina Candelaria were members at all times material to this action.

48.     Estrella and Valentina Candelaria were residents receiving long-term care at Defendants' approved caregiver's homes, and as such were intended protected person of the statutes identified.

49.     As a proximate result of the violation of these above-identified statutes by Defendants, which constitutes negligence per se, Lorraine Gonzales, Estrella and Valentina Candelaria suffered damages.

50.     All of the injuries to Lorraine Gonzales, Estrella and Valentina Candelaria relating to this incident, are due to the acts and omissions of Defendants, without any contributing negligence on the part of Lorraine Gonzales, Valentina Candelaria or Estrella Candelaria.

## COUNT IV –LOSS OF CONSORTIUM

51.     Plaintiff re-alleges paragraphs 1 through 50 of this Complaint as if set forth fully herein.

52.     The acts and omission complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Lorraine Gonzales, Estrella Candelaria and Valentina Candelaria, suffered from the loss of consortium, by and through the conserted efforts of Defendants and their employees, agents, apparent agents and contractors and Armanda Garcia and Martin Garcia in denying access to Estrella Candelaria and Valentina Candelaria to Lorraine Gonzales.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     Plaintiff re-alleges paragraphs 1 through 52 of this Complaint as if set forth fully herein.

54. The acts and omission complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Lorraine Gonzales, Estrella Candelaria and Valentina Candelaria, suffered from the intentional infliction of emotional distress, by and through the conserted efforts of Defendants' employees and Armanda Garcia and Martin Garcia in denying access to Estrella Candelaria and Valentina Candelaria to Lorraine Gonzales.

55. Defendants intentional conduct inflicted great emotional distress on Plaintiffs by interfering with their familial relationship.

56. Defendants above described actions constitute the willful and wrongful infliction of emotional distress upon Lorraine Gonzales, Estrella Candelaria and Valentina Candelaria.

57. That Defendants conspired with Armanda Garcia and Martin Garcia to prevent the familial relationship between Lorraine Gonzales, Estrella Candelaria and Valentina Candelaria inflicting great emotional distress upon them.

58. That the Defendants State of New Mexico, CYFD, DOH are responsible under a theory of respondeat superior for the actions of Defendants Armanda Garcia and Martin Garcia.

59. Plaintiffs request that this court declare that their rights have been violated by Defendants' actions for which they are entitled to recover compensatory and punitive damages.

12

## COUNT VI – INTERFERENCE WITH PARENTAL RIGHTS

60.    Plaintiff re-alleges paragraphs 1 through 59 of this Complaint as if set forth fully herein.

61.    The acts and omission complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the parental rights of Lorraine Gonzales suffered from the conserted efforts of State Defendants, its contractors and employees and Armanda Garcia and Martin Garcia in denying access to Estrella Candelaria and Valentina Candelaria to Lorraine Gonzales for ten years.

## COUNT VII – PUNTIVE DAMAGES AS TO ALL DEFENDANTS

62.    Plaintiff re-alleges paragraphs 1 through 61 of this Complaint as if set forth fully herein.

63.    The acts and omission complained of in the causes of action stated above are, upon information and belief, believed to be of such an egregious nature, in reckless, wanton and total disregard to the rights of Estrella Candelaria, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, that punitive damages or exemplary damages to punish and deter this type of act and omission from occurring in the future may well be appropriate.

### PRAYER

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants for compensatory damages in an amount to be determined by this Court as adequate for pre-death pain, suffering, and injuries to Estrella Candelaria, Valentina Candelaria, and Lorraine Gonzales, and for the maximum damages permitted by statute, plus costs

13

incurred by the Plaintiffs, including pre-judgment and post-judgment interest, punitive damages, and for such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff exercises her right to have her claims heard by a jury.

Respectfully submitted,
COLLINS & COLLINS, P.C.


/s/ *AM RODRIGUEZ* electronically filed
AUGUSTINE M. RODRIGUEZ, ESQ.
P.O. Box 506
Albuquerque, New Mexico 87103
Telephone (505) 242-5958

/s/ *Alysan Boothe Collins* electronically filed
ALYSAN BOOTHE COLLINS, ESQ.
P.O. Box 506
Albuquerque, New Mexico 87103
Telephone (505) 242-5958